UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Alexandria Division

---

| | |
|---|---|
| **LOLITA R. MATAMMU** | |
| Plaintiff, | |
| v. | |
| **COUNTY OF FAIRFAX, VIRGINIA aka FAIRFAX COUNTY HEALTH DEPARTMENT** | |
| 12000 Government Center Parkway, Suite 549 | |
| Fairfax, VA 22035 | Civil Action No. 1:20 – cv- 1468 |
| Serve: COUNTY ATTORNEY: Elizabeth Teare 12000 Government Center Parkway, Suite 549 Fairfax, VA 22035 | |
| | TRIAL BY JURY DEMANDED |
| Defendant. | |

## COMPLAINT

COMES NOW, the Plaintiff, Lolita R. Matammu ("**Ms. Matammu**" or "**Plaintiff**"), by and through his undersigned counsel and moves this Honorable Court for judgment against the Defendant, County of Fairfax, Virginia aka Fairfax County Health Department ("FCHD" or "**Defendant**"), on the grounds and praying for the relief hereinafter set forth:

### Parties

1. Plaintiff at all times relevant hereto was a resident of the Commonwealth of Virginia.

2. Plaintiff was a School Health Aid at Shrevewood Elementary School until terminated on October 18, 2019.

3. Defendant is a County in Virginia. The FCHD is a department and agency dedicated to

the health of county residents. Fairfax County Health Department principle office address is located at 10777 Main St., Fairfax, VA 22030.

## Jurisdiction and Venue

4. This action is brought by Plaintiff for damages and injunctive relief on account of Defendant's violations of the Americans With Disabilities (the "ADA") by failing to accommodate, discrimination, and, retaliation Plaintiff as prohibited by the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq*.

5. This action is brought by Plaintiff for damages and injunctive relief on account of Defendant's violations of the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 6101 *et seq.*, and Title VII of the Civil Rights Act of 1964.

6. This Court has federal question subject matter jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §§ 1331 *et seq*.

7. Venue is proper in the Eastern District of Virginia pursuant to 28 U.S.C. § 1391(b)(1) and (d).

8. Plaintiff has satisfied all of the procedural and administrative requirements set forth in Section 706 of Title VII, 42 U.S.C. § 2000e-5, in particular:

    a. Plaintiff was terminated from her employment with FCHD on October 18, 2019.

    b. On or around January 6, 2020, Plaintiff filed a charge ("**Charge**") with the United States Equal Employment Opportunity Commission ("**EEOC**") alleging disability discrimination, failure to accommodate, and retaliation.

    c. The Charge was timely filed with the EEOC within three hundred (300) days from the latest date of discrimination relative to this matter.

    d. On August 31, 2020, the EEOC issued Plaintiff a notice of dismissal and notice of suit

rights ("Notice of Right to Sue."), which was received shortly thereafter.

e.  The Complaint in this matter was filed with this Court within ninety (90) days from the receipt of the Notice of Right to Sue.

## Statement of Facts

9. Plaintiff had been employed by FCHD as a School Health Aid for approximately 12 years.

10. Plaintiff was terminated on or about October 18, 2019.

11. Prior to her termination, Plaintiff informed her employer that she suffered from numerous medical conditions, including diabetes, allergic rhinitis, hyperuricemia, hypertension and Dupuytren's contraction of her fingers.

12. These disabilities, at least in her hands, are visible as they present with malformation and crookedness.

13. Further, at the time of her termination, she was sixty nine years old and was the oldest employee working at Shrevewood Elementary School at the time of her termination.

14. On or around April 19, 2019, FCHD notified me that I would be transferred to Armstrong Elementary School, which is located in Reston Virginia.

15. I informed the FCHD I could not work at that location because of my age and disabilities. I immediately protested and requested that they accommodate me by letting me stay at Shrevewood Elementary School.

16. Without engaging in the interactive process further, they declined and without explanation continued the process of having me involuntarily transferred to Armstrong Elementary School.

17.  I was forced to rely on the Family Medical Leave Act (FMLA) to take leave beginning on April 22, 2019, until it ran out on October 18, 2019, which resulted in my termination.

18. FCHD new that I was unable to transfer to Armstrong Elementary School, as it would be

an extreme hardship with my disabilities.

19. In addition, FCHD new that I lived in Falls Church, Virginia and that I took care of my adult daughter, who is disabled, and my six-year-old grandson, who has autism.

20. As a result, FCHD knew that I could not comply with the transfer and work at Armstrong.

21. These actions were taken deliberately with the intention to have me terminated.

22. The involuntary transfer was not common or typical and none of her peers or those in an equivalent position, especially with my experience and tenure with FCHD were involuntarily transferred to another school.

23. There has not been an involuntary transfer of a School Health Aid at an elementary school by FCHD, other than Plaintiff, since at least 2016.

24. While employed with Defendant, Plaintiff had positive performance reviews.

25. Plaintiff did not have any written reprimands.

26. Plaintiff was not on a performance improvement plan at the time of her termination, or, within 12 months prior.

27. Plaintiff did not have any history of misconduct or disciplinary action.

28. Plaintiff was an exemplary employee for Defendant.

29. Defendant refused to discuss any accommodation discussion to keep her at Shrevewood or to place her in a school that would accommodate her needs.

30. As a result of Defendant's Violations of Title VII, Plaintiff has suffered and will continue to suffer, including, but not limited to, loss of back pay, loss of front pay, severe mental anguish, stress, pain and suffering.

31. Due to the severity of Defendant's conduct and pattern and practice of such behavior, Plaintiff is also entitled to punitive damages.

## COUNT I
## Failure to Accommodate in Violation of
## the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.

32. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

33. Plaintiff had a disability that substantially impaired her ability to work.

34. Plaintiff provided Defendant with notice of this disability on several occasions, and Defendant was aware of the disability.

35. Amongst others, Plaintiff requested to be permitted to stay Shrevewood Elementary School or a closer elementary school.

36. When faced with this request, Defendant refused to engage in the discussion or interactive process at all.

37. Defendant did not engage in or discuss these options with Plaintiff.

38. Defendant was dismissive of Plaintiff's request.

39. The involuntary transfer of Plaintiff was improper to begin with; however, Plaintiff's request was reasonable under the circumstances; however, Defendant did not engaged in the interactive process.

40. By its acts and omissions alleged herein, Defendant intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected his status as an employee on the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

41. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that she has suffered lost back pay, front pay, and will continue to suffer, including, but not limited to, severe mental anguish, stress, pain and suffering.

42. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to is damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

43. In acting as alleged herein, Defendants acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendants in amounts to be proved at trial.

44. As a result of Defendants' acts as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

## COUNT II
### Retaliation and Wrongful Discharge in Violation of the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.

45. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint with the same force and vigor as if set out here in full. Defendant is a county affecting commerce and employing at least twenty (20) people.

46. Plaintiff has a disability that substantially impairs her ability to work.

47. Plaintiff provided Defendant with notice of this disability on several occasions.

48. Plaintiff's request and discussion for accommodations regarding here disability were protected activities.

49. Subsequently, Plaintiff was almost immediately terminated on October 18, 2020.

50. By their acts and omissions alleged herein, Defendants intentionally deprived Plaintiff of equal employment opportunities, and otherwise adversely affected her status as an employee on

the basis of Plaintiff's disability, in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 et seq.

51. As a direct, foreseeable, and proximate result of Defendants' unlawful conduct, Plaintiff has been injured in that she has suffered, and will continue to suffer, a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, and expenses, in an amount to be proven at trial.

52. As a direct and foreseeable result of Defendant's unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

53. In acting as alleged herein, Defendants acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

54. As a result of Defendant's acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit, and, pre and post judgement interest.

## COUNT III
### Discrimination in Violation of the Americans with Disabilities Act of 1990, as Amended, 42 U.S.C. § 12101 et seq.

55. Plaintiff hereby incorporates by reference and re-alleges each of the allegations contained in all preceding paragraphs of this Complaint.

56. Plaintiff employment was terminated due to her disability and/or Defendants' perception that Plaintiff was disabled.

57. Plaintiff received disparate treatment in being involuntarily transferred, without reason or basis, to a school where FCHD knew that she would not be able to work.

58. This was done with the express intention of terminating Plaintiff.

59. In fact, Defendant's agent stated to Plaintiff that if she did not show up to the new school she would be fired.

60. As a proximate result Defendants' discrimination against Plaintiff on the basis of her disability and/or record or perception of disability, Plaintiff has suffered and continues to suffer a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, future earnings, and expenses, in an amount to be proven at trial.

61. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

62. In acting as alleged herein, Defendants acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

63. As a result of Defendants' acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

## COUNT IV
### Discrimination in Violation of the Age Discrimination in Employment Act of 1967, 29 U.S.C. § 6101 et seq.

64. The Plaintiff restates, re-pleads, and incorporates by reference each and every allegation

set forth above.

65. Plaintiff was sixty nine years old at the time of her termination.

66. Plaintiff was the oldest employee at Shrevewood Elementary School at the time of her termination.

67. Plaintiff's employment was improperly terminated as a result of her age.

68. As a proximate result Defendants' discrimination against Plaintiff on the basis of her age, Plaintiff has suffered and continues to suffer a loss of wages and salary, bonuses, compensation, employment benefits, career path opportunities, future earnings, and expenses, in an amount to be proven at trial.

69. As a direct and foreseeable result of Defendants' unlawful conduct, Plaintiff has suffered, and will continue to suffer, generally physical, mental, and psychological damage in the form of extreme and enduring worry, suffering, pain, humiliation, embarrassment, mental anguish, and emotional distress, all to her damage, in amounts within the jurisdictional limits of this Court, to be proved at trial.

70. In acting as alleged herein, Defendants acted maliciously, willfully, despicably, and oppressively, with the wrongful intention of injuring Plaintiff, from an improper motive amounting to malice, and in conscious disregard of Plaintiff's rights. Plaintiff is entitled to recover punitive damages from Defendant in amounts to be proved at trial.

71. As a result of Defendants' acts of discrimination as alleged herein, Plaintiff is entitled to reasonable attorney's fees and costs of this suit.

WHEREFORE, the premises considered, Plaintiff respectfully prays that this Honorable Court:

A. Enter judgment on his behalf against Defendant;

B. Reinstate Plaintiff to her position with FCHD at Shrevewood Elementary as a School Health Aid or equivalent position;

C. Award Plaintiff compensatory damages;

D. Award Plaintiff punitive damages;

E. Award Plaintiff his court costs, expenses, attorneys' fees, prejudgment interest and post-judgement interest;

F. Declare that Defendant's conduct is in violation of the Americans with Disabilities Act of 1990, as amended, 42 U.S.C. § 12101 *et seq.*, and Title VII of the Civil Rights Act of 1964.;

G. Declare that Defendant's conduct is in violation of the Age Discrimination Employment Act of 1967, as amended, 29 U.S.C. § 6101 *et seq.*, and Title VII of the Civil Rights Act of 1964;

H. Order that Defendant be prohibited from continuing to maintain its illegal policy, practice or custom of failing to accommodate and to engage in the interactive process to further rights afforded to individuals who exercise or who attempt to exercise their rights under the ADA or ADEA;

I. Order that Defendants be required to promulgate an effective policy against such discrimination and to adhere thereto; and,

J. Grant such other relief as this Court may consider just and proper.

## DEMAND FOR JURY TRIAL

In accordance with F.R.C.P. 38(b), Plaintiff demands a trial by jury on all issues so triable.

Respectfully submitted,

By Counsel

/s/ _Dirk McClanahan_____
Dirk McClanahan (VSB No. 81208)
MCCLANAHAN POWERS, PLLC
8133 Leesburg Pike, Suite 130
Vienna, VA 22182
Telephone: (703) 520-1326
Facsimile:  (703) 828-0205
Email: dmcclanahan@mcplegal.com
*Counsel for Plaintiff*